IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RUBEN CHAPA, | * |
| | * |
|    Plaintiff | * |
| | * |
| V. | *   C.A. No. 3:17-cv-00294 |
| | * |
| MARATHON PETROLEUM COMPANY | * |
| LP, RODNEY P. NICHOLS, JAMES P.F. | * |
| DOWLING, M.D., MARATHON | * |
| PETROLEUM LONG TERM | * |
| DISABILITY PLAN, | * |
| | * |
|    Defendants | * |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE:

NOW COMES Ruben Chapa ("Plaintiff"), complaining of Marathon Petroleum Company LP, Rodney P. Nichols, James P.F. Dowling, M.D. and Marathon Petroleum Long Term Disability Plan (collectively "Defendants"), and for cause of action would show the Court as follows:

### I.   PARTIES

1. Plaintiff, Ruben Chapa, is a citizen of the State of Texas and a resident of the Southern District of Texas.

2. Defendant, Marathon Petroleum Company LP is a foreign limited partnership doing business in Texas and may be served process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

3. Defendant, Rodney P. Nichols is an individual and may be served process at P.O. Box 1, 539 South Main Street, Findlay, OH 45839-01.

1

4. Defendant, James P.F. Dowling, M.D., is an individual and may be served process at P.O. Box 1, 539 South Main Street, Findlay, OH 45839-01.

5. Defendant, Marathon Petroleum Long Term Disability Plan, alleges that it is an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 and may be served by serving its Plan Administrator, and agent for service of legal process, Rodney P. Nichols, P.O. Box 1, 539 South Main Street, Findlay, OH 45839-01.

## II.   JURISDICTION

6. This action consists of claims under the Employee Retirement Income Security Act of 1974 [29 U.S.C. § 1001, *et seq.*] (ERISA). The Court has jurisdiction of this matter under 29 U.S.C. § 1132(e).

## III.   VENUE

7. Plaintiff was employed at and earned his benefits of Defendant Marathon Petroleum Long Term Disability Plan at Marathon Galveston Bay Refinery, a facility in Texas City, Galveston County, Texas operated by Defendant Marathon Petroleum Company LP's wholly owned subsidiary Blanchard Refining Company. Venue is proper in the Southern District of Texas, Galveston Division, pursuant to 29 U.S.C. § 1132(e)(2) as the breach occurred in Galveston County.

## IV. SUMMARY OF FACTS

8. Plaintiff is an employee of Blanchard Refining Company, a wholly owned subsidiary of Defendant Marathon Petroleum Company LP at its Galveston Bay Refinery (GBR), Texas City, Galveston County, Texas.

9. Plaintiff was a participant pursuant to ERISA § 502(a) in Defendant Marathon Petroleum Long Term Disability Plan (LTD Plan). Benefits paid under the LTD Plan are paid from

Defendant Marathon Petroleum Company LP's general assets.

10. Defendant Marathon Petroleum Company LP (Marathon) is the Plan Sponsor of the LTD Plan.

11. Defendant Rodney P. Nichols is the Plan Administrator and the Named Fiduciary of the LTD Plan.

12. Matrix Absence Management is the Third Party Administrator of the LTD Plan.

13. Defendant James P.F. Dowling, M.D., is an employee and Corporate Medical Director of Defendant Marathon.

14. Defendant Dowling was appointed Assistant Plan Administrator by the Plan Administrator to act as fiduciary in reviewing appeals under the LTD Plan and has authority in resolving questions regarding benefits under the LTD Plan.

15. The LTD Plan was designed to provide certain benefits to participants who became totally disabled for a period exceeding 6 months.

16. The LTD Plan defines "disability" as "During the First Two Years of Disability - The member is wholly and continuously disabled to the extent that the member is unable to perform the essential functions pertaining to their own occupation with or without a reasonable occupation."

17. The LTD Plan provides that "A member's LTD disability date is effective and benefits commence as of the earlier of the following dates: six months following the date that the employee is or was no longer able to perform his or her own occupation or work a reduced leave schedule."

18. While at work on January 6, 2015 at Defendant Marathon's Galveston Bay Refinery (GBR), Plaintiff was involved in a Near Miss Incident involving Plaintiff and his hearing

3

impairment.

19. On January 23, 2015, Marathon GBR Health Services Director, Dr. Gerard Guderian, recommended that Plaintiff should not work in loud areas and can only work indoors due to safety risk of poor communication.

20. On August 19, 2015, Dr. Guderian restricted Plaintiff to inside work only from July 15 to October 15, 2015.

21. On August 25, 2015, Dr. Michael Castillo diagnosed Plaintiff with sensorineural hearing loss and recommended reducing his level of ambient noise and amplification in the form of hearing aides.

22. On December 12, 2015, Plaintiff was sent home by Defendant Marathon's Human Resources Department claiming they could no longer accommodate his hearing impairment.

23. Plaintiff's disability commenced on December 12, 2015.

24. On January 25, 2016, Plaintiff's United Steelworker's Union Representative Larry Burchfield inquired of Marathon GBR Human Resources Jamie Mandeville what was Plaintiff's status of returning to work.

25. On January 29, 2016, Ms. Mandeville responded to Mr. Burchfield that Angie Long was working on it.

26. On June 14, 2016, Matrix acknowledged that it received a LTD claim submitted by Plaintiff on May 6, 2016.

27. On August 3, 2016, Plaintiff was fitted for hearing aides.

28. On August 11, 2016, Defendants denied Plaintiff's claim for benefits under the LTD Plan.

29. On August 16, 2016, Plaintiff submitted to an examination by Marathon GBR Health Services Director Dr. Guderian so that he could return to work.

30. On August 31, 2016, Mr. Burchfield requested from Ms. Mandeville the status of Plaintiff returning to work.

31. On September 6, 2016, Marathon GBR Senior Human Resources Consultant Angie Long responded to Mr. Burchfield that Dr. Guderian was required to receive clarification from Plaintiff's physicians regarding his restrictions before he could return to work.

32. On September 13, 2016, Ms. Long informed Mr. Burchfield that the Company was still trying to schedule an IME for Plaintiff before he could return to work.

33. On September 24, 2016, Plaintiff appealed Defendant's denial of his claim for benefits under the LTD Plan.

34. On September 29, 2016, Plaintiff supplemented his appeal with additional medical records from a recent doctor's visit.

35. On October 4, 2016, Mr. Burchfield inquired of Ms. Long regarding the status of Plaintiff's returning to work.

36. On October 4, 2016, Ms. Long notified Mr. Burchfield that she was waiting on the report from the IME physician.

37. On October 7, 2016, Ms. Long notified Mr. Burchfield that she was still waiting on the report from the IME physician.

38. On October 12, 2016, Ms. Long informed Mr. Burchfield that she would seek an update from Dr. Guderian regarding Plaintiff's status to return to work.

39. On October 26, 2016, Mr. Burchfield requested from Ms. Long an update regarding

Plaintiff's status to return to work.

40. On October 26, 2016, Ms. Long notified Mr. Burchfield that she hoped to have information regarding Plaintiff's status to return to work after a meeting in 5 days.

41. On November 1, 2016, Ms. Long notified Mr. Burchfield that after speaking with Defendant Dowling, Defendant Marathon would not respond to the repeated requests for status regarding Plaintiff returning to work until Defendant Marathon could see Defendant Dowling's decision regarding Plaintiff's appeal of denial of LTD Plan benefits.

42. By letter dated November 8, 2016, Defendant Dowling on behalf of all Defendants rejected Plaintiff's appeal claiming "None of the information I reviewed provided objective evidence of disability . . ."

43. Defendant Marathon did not authorize Plaintiff to return to work until February 6, 2017.

44. On September 6, 2017, Plaintiff's counsel wrote Defendant Dowling and asserted that Defendant Marathon should not be able to claim Plaintiff was not disabled for LTD Plan benefits while at the same time refusing to allow him to work. Plaintiff's counsel also forwarded to Defendant Dowling the Memorandum and Order from *Helmcamp v. Metropolitan Life Ins. Co., et al.,* CV No. H-03-4162, in the United States District Court for the Southern District of Texas, Houston Division. Plaintiff's counsel pointed out that Plaintiff was in the exact same position as fellow Shell employee Helmcamp who was unable to return to work because Shell found him disabled yet at the same time unable to collect LTD benefits because Metropolitan found him not disabled. Plaintiff's counsel pointed out that Judge Sim Lake found that Shell and Metropolitan "should not be permitted to point the finger at each other so as to cancel out the respective

obligations to Helmcamp. To find otherwise would enable plan insurers and employers to exploit ERISA law at the expense of plan beneficiaries, thereby undermining the essential purpose of ERISA in the process." Plaintiff's counsel further pointed out that Judge Lake went on to find that Metropolitan "abused its discretion in failing to award Helmcamp long-term disability benefits..." Neither Plaintiff nor Plaintiff's counsel has received any response.

## V. CAUSE OF ACTION: FAILURE TO PAY BENEFITS

45. Plaintiff realleges the facts stated in Paragraphs 8 through 44 of this Complaint.

46. Pursuant to ERISA §§ 502(a)(1)(B), Plaintiff seeks to recover benefits due to him under the terms of the LTD Plan.

47. Defendants' decision to deny LTD Plan benefits was arbitrary and capricious and an abuse of discretion.

48. Pursuant to ERISA §§ 502(a)(2), 404(a) and 409, Plaintiff alleges Defendants have breached their fiduciary duty by failing to act solely in the interest of participants, in failing to act in accordance with the LTD Plan documents, in attempting to eliminate benefits, in affirmatively misrepresenting potential benefits, and by acting arbitrarily and capriciously.

## VI. *RESPONDEAT SUPERIOR*

49. Plaintiff realleges the facts stated in Paragraphs 8 through 48 of this Complaint.

50. Defendant Nichols was an employee of Defendant Marathon. The failure to pay benefits committed by Defendants arose directly out of and was done in the prosecution of the business he was employed to do by his employer, who is therefore liable under the Doctrine of *Respondeat Superior* for the actions of its employee.

51. Defendant Dowling was an employee of Defendant Marathon. The failure to pay

benefits committed by Defendants arose directly out of and was done in the prosecution of the business he was employed to do by his employer, who is therefore liable under the Doctrine of *Respondeat Superior* for the actions of its employee.

52. Jamie Mandeville was an employee of Defendant Marathon. The failure to allow Plaintiff to return to work arose directly out of and was done in the prosecution of the business she was employed to do by her employer, who is therefore liable under the Doctrine of *Respondeat Superior* for the actions of its employee.

53. Angie Long was an employee of Defendant Marathon. The failure to allow Plaintiff to return to work arose directly out of and was done in the prosecution of the business she was employed to do by her employer, who is therefore liable under the Doctrine of *Respondeat Superior* for the actions of its employee.

54. Dr. Gerard Guderian was an employee of Defendant Marathon. The failure to allow Plaintiff to return to work arose directly out of and was done in the prosecution of the business he was employed to do by his employer, who is therefore liable under the Doctrine of *Respondeat Superior* for the actions of its employee.

## VII.  CONFLICT OF INTEREST

55. Plaintiff realleges the facts stated in Paragraphs 8 through 53 of this Complaint.

56. Benefits paid pursuant to the LTD Plan are paid by Defendant Marathon, the Plan Sponsor.

57. Because Defendants both evaluate and pay claims for benefits from the LTD Plan and determine whether Plaintiff can work, a conflict of interest exists.

## VIII.  ADMINISTRATIVE REMEDIES

58. Plaintiff has complied with and exhausted all administrative remedies provided for under the LTD Plan.

59. In the alternative, compliance with the administrative procedure provided for by the LTD Plan would be futile.

## IX.  REQUEST FOR ATTORNEYS' FEES PURSUANT TO ERISA

60. Plaintiff realleges the facts stated in Paragraphs 8 through 58 of this Complaint.

61. Plaintiff requests the Court, in its discretion, to award reasonable attorney's fees and costs to Plaintiff because of the bad faith and culpability of Defendants, the ability of Defendants to satisfy an award of fees, the deterrent affect of an award on Defendants and other persons acting under similar circumstances, the amount of benefit conferred on members of their LTD Plan as a whole, and the relative merit of the parties' positions.

## X.  CONCLUSION AND PRAYER

62. Plaintiff requests that the Court allow Plaintiff all equitable relief allowable under the provisions of ERISA for remediation of the above-stated violations of ERISA and the LTD Plan, including, but not limited to:

   a. Recovery of all LTD Plan Benefits wrongfully denied to Plaintiff by any erroneous, arbitrary and capricious decisions of Defendants.

   b. All damages to which Plaintiff is entitled.

   c. Reasonable and necessary attorney's fees and costs.

   d. Prejudgment interest.

   e. Postjudgment interest.

   f. Such other and further relief, both at law and equity, as the Court deems suitable and just.

Respectfully submitted,

BURWELL NEBOUT
Trial Lawyers


By: /s/ Russell G. Burwell III
        Russell G. Burwell III
        Federal Bar No. 15278
        TX Bar No. 00783768

1501 Amburn Road, Suite 9
Texas City, TX 77591
409-945-0660 / 281-488-0691
Fax: 409-935-5859
russ3@burwellnebout.com